MARK M. STANFIELD & others *vs.* THEODORE A. SIMMONS & another, & Trustees.

An assignment by a debtor of all his goods and effects in trust for all his creditors is void as against a creditor not a party thereto, although made more than six months before action brought by such a creditor to set it aside.

TRUSTEE PROCESS. James M. Beebe and others, summoned as trustees, in their answer disclosed that a year before service of this process the defendants, by an indenture between themselves, the trustees, and a number of the creditors, not including the plaintiffs, conveyed their property to the trustees in trust to pay the expenses of the assignment, and divide the residue without preference among their creditors. Upon these facts the superior court of Suffolk charged the trustees, and they appealed.

*A. H. Fiske*, for the plaintiffs.

*J. D. Ball*, for the trustees.

DEWEY, J. The cases of *Wyles* v. *Beals*, 1 Gray, 233, and *Edwards* v. *Mitchell*, 1 Gray, 239, must govern the present case. By those decisions, assignments like the present are held invalid, and may be avoided by an attaching creditor not a party thereto. Such assignments are voidable as against the policy of our insolvent laws, and while the property transferred by them or the avails thereof remains in the hands of the party to whom it has been conveyed by the assignment, and while he holds no relation to or interest in such property but under the assignment, he may be charged in the trustee process therefor by a creditor of such assignor.

It is said however on the part of the trustees that such assignment may be valid if made more than six months previous to such attachment. But we think the provision limiting the avoiding of preferences to creditors to those made within six months prior to the institution of proceedings under the insolvent laws has no application to a case like the present, but has reference exclusively to cases of preferences sought to be avoided by an assignee regularly appointed under the provisions of the

insolvent laws. To the extent of the assets of the debtor holden, at the time of the service of this process, by the trustees for distribution under this assignment, and holden by no other title, they must be charged in the present action. *Trustees charged.*